SERENUS SWIFT *v.* ALBERT R. RAYMOND.

The rules, which govern the court in accepting reports of referees and anditors, are different.

When a .question of law is to be raised on a report of auditors, the facts must be found by the auditors. The court, to whom the report is returned, are not to draw any inference of fact from the report, nor is it proper to report the evidence.

In an action of account against one as bailiff and receiver, the plaintiff cannot recover for what is a proper charge on book.

THIS was an action of account, which was referred by a rule of the county court and by agreement of the parties. The referees reported specially as follows :—

"It appeared that some time in the year 1833, one Swift "Vanderlip, being in failing circumstances, made a written as- "signment to the defendant of a certain unliquidated demand "in his favor against Dunton & Co., which was then in suit "in Bennington county court, to secure which, personal pro- "perty of said Dunton & Co., had been attached by one "James Curtis, an authorized person, to the amount of about "$1800. In said assignment, other demands were in- "cluded (in the name of Thomas Dunton, but belonging to "said Vanderlip,) which were in the hands of one Loren "Dean—to what amount did not appear. By the said writ- "ten assignment, the said defendant was to prosecute the "demand in suit as aforesaid, against Dunton & Co. to final "judgment, and after deducting the costs and expenses of "prosecuting the same, was to pay out of the avails of the "same, and of the demands in said Dean's hands, to Samuel "C. Raymond such demand as he should present to defen- "dant, which demand appeared to be a judgment in favor of "the bank of Bennington against said Vanderlip, recovered "on a note, the principal of which was $560, (the amount "of the interest on the same, and the cost of suit did not "appear) and the balance of said avails to the plaintiff.

"It further appeared that said suit, against Dunton & Co., "was prosecuted to final judgment, rendered at the Septem- "ber Term of Bennington county court, 1834, in the sum of "$719,99 damages, and $114,53, cost of suit.

"It also appeared that three days subsequent to the attach- "ment of the personal property of Dunton & Co., at the suit "of Vanderlip, as aforesaid, and previous to said assignment to

"defendant as aforesaid, the same property was attached at "the suit of one Eli Ames, by the same authorized person; "that said property was then jointly receipted to the said "deputized officer, by two individuals of the name of Tay- "lor and Bloomer—that said Ames perfected his judgment in "his said suit against Dunton & Co., at a term of the court "previous to the rendition of the judgment in favor of Van- "derlip against Dunton & Co., as aforesaid, and that he "(Ames) took out his execution and levied the same on "about $200, worth of said property, attached as aforesaid, "that he (Ames) obtained the said receipt of said deputized "officer, and that said property, specified therein, was de- "manded by the officer holding his execution—that the "same not being delivered to satisfy his (Ames') execution, "the said receipt was sued by him, in the name of said de- "putized officer—the personal and real estate of the said "Taylor (it appearing that the said Bloomer, the other re- "ceiptor had become bankrupt) attached to secure the same, "and judgment rendered thereon against said Bloomer and "Taylor in about the sum of fifteen hundred dollars at "the same term of the court at which judgment was ren- "dered in favor of Vanderlip against Dunton & Co. as "aforesaid;—that all the personal property of said Taylor, "so attached in the suit on said receipt, was levied upon "and sold on the execution issued on the judgment on said "receipt, and the avails thereof applied in part satisfaction "of the execution of said Ames against Dunton & Co., and "the balance of said last execution was satisfied by a levy "on part of the real estate of said Taylor. It also appeared "that the said Ames, soon after the satisfaction of his execu- "tion, as aforesaid, against Dunton & Co. paid to the defen- "dant the sum of $10, to settle for a claim made on him "by defendant, on the ground that said Ames had levied "his execution on the said $200, worth of personal pro- "perty of Dunton & Co., on which Vanderlip's attachment "had a prior lien;—that the defendant, in the winter of "1835, took out an alias execution on the said judgment in "the name of the said James Curtis against Taylor and "Bloomer, on said receipt, and levied on the said Taylor's "real estate, in amount sufficient to satisfy said judgment, "in favor of Vanderlip against Dunton & Co.;—that the

" said real estate, so levied upon as last aforesaid, has been
" conveyed by the said James Curtis to the defendant for the
" same purpose as specified in the original assignment to
" the defendant, and that the same is still in the defendant's
" hands.

" It also appeared that at the time of the receipt of the
" said $10, of Ames, by the defendant, Ames had put his
" property out of his hands.

" It also appeared, that, at the time of the perfecting of
" the judgment in the name of said Vanderlip against Dun-
" ton & Co., that firm was bankrupt.

" It also appeared, that the real estate of the said Taylor,
" so set off to satisfy the said judgment of Vanderlip against
" Dunton & Co., was left in the care of said Samuel C. Ray-
" mond by defendant, (he residing in New York) and that the
" defendant since that time had taken no personal care of
" the same ;—that it had been, for two seasons past, let by
" said S. C. Raymond, but that nothing, save the said $10
" from said Ames, had been received by the defendant, ei-
" ther from that judgment or from the claims in the hands of
" the said Loren Dean ;—that those demands were good for
" nothing, and had never been taken out of said Dean's
" hands, and that the defendant, besides his expense and
" trouble in the premises, had paid for the levy on the real
" estate of Taylor the sum of $17.

" It also appeared, that previous to said assignment to the
" defendant, the same claims had been assigned to the plain-
" tiff, but that the plaintiff waived his right under the same,
" in favor of the assignment to the defendant, with the un-
" derstanding between the plaintiff, said Vanderlip and S. C.
" Raymond, that the plaintiff should have the management
" of said suit of Vanderlip against Dunton & Co., but this
" was not contained in the written contract of assignment to
" defendant, nor known to defendant.

" It did, however, appear that the plaintiff was the only
" attorney on the record, and, with the knowledge of the de-
" fendant, did continue to manage the said suit, together
" with one A. P. Lyman, to its final termination, and ad-
" vanced all the moneys taxed in said bill of cost, for carry-
" ing on the same, except about $18, paid by S. C. Ray-
" mond. That the defendant, contrary to the wishes and

" advice of the siad plaintiff, proceeded, after the final judg-
" ment thereon, to satisfy the execution thereon, on the land
" of the said Taylor as aforesaid, but previous to said judg-
" ment paid no attention to the suit at all.

" It further appeared, that after the rendition of the judg-
" ment of Vanderlip against Dunton & Co., and previous to
" the satisfaction of the same by the levy of the execution
" on the judgment on said receipt, in the name of James Cur-
" tis as aforesaid, Raymond had offers by Eli Ames and
" Curtis Burton, to settle the said demand in favor of the
" bank of Bennington against said Vanderlip, if he, the de-
" fendant, would assign to them the judgment of Vanderlip
" against Dunton & Co. and let them stand in his shoes—
" and that after the last said levy he had offers to purchase
" the land so levied upon, but neither of which were accep-
" ted, as they were not sufficient to satisfy the judgment of
" Vanderlip against Dunton & Co. It also appeared that at
" the time of the last said levy, the said defendant and the
" said Taylor, chose two of the appraisers who appraised the
" real estate of said Taylor, on which the levy was made.
" That one of the appraisers had then, recently, removed
" into the town of Manchester, and that the other owned a
" farm adjoining the land so appraised, and was anxious to
" sell the same.

" Proof of the contents of said assignment to defendant
" by Vanderlip was made by parol, it appearing that notice
" to the defendant to produce the same had been given by
" the plaintiff, and the notice was not complied with—it ap-
" pearing that the same could not be found.

" Proof of the prodeedings in the suits of Vanderlip
" against Dunton & Co., Ames against Dunton & Co., and
" Curtis against Taylor and Bloomer as aforesaid, was also
" made by parol, although objections to the same were at
" first made by the parties, but those objections were waived
" and the parol proof admitted.

" The plaintiff claimed of the defendant the amount of
" the said bill of cost in the judgment of Vanderlip against
" Dunton & Co., except the sum of $18, paid by S. C.
" Raymond as aforesaid, and the balance of the said judg-
" ment of Vanderlip against Dunton & Co., over and above
" the amount of the said demand in favor of the bank of

" Bennington against said Vanderlip, and the amount of the " demands in the hands of said Dean as aforesaid.

" But inasmuch as it does not, from the foregoing facts, " appear to us that the said defendant has been guilty of any " breach of trust, or that he has received moneys from the " demands so assigned to him as aforesaid, to the amount of "more than $10,—but has paid out the sum of $17, " for levy of the execution, on the judgment on said receipt, " on the land of said Taylor, to satisfy the execution of Van- " derlip against Dunton & Co. as aforesaid.; and inasmuch " as, in our opinion, the plaintiff is not entitled to recover, in " this form of action, for his services as attorney in said suit " of Vanderlip against Dunton & Co., and for the moneys " advanced by him in the prosecution thereof, included in " said bill of cost in said suit, we do find that the defendant " has not moneys in his hands, unaccounted for to the plain- " tiff, for which he should account."

The county court accepted said report, and rendered judgment for the defendant to recover his cost—To which the plaintiff excepted.

*Plaintiff, pro se.*

*Sargeant & Miner*, for defendant.

The opinion of the court was delivered by

WILLIAMS, C. J.—This action was referred. The parties have treated the report, as the report of auditors, and not of referees. The rules, which govern the court in accepting or rejecting the reports of referees and auditors, are very different. It is not necessary, however, to advert to the distinction, as there appears to be no reason for disturbing the judgment of the county court, whether the report is considered as that of referees or auditors. From the multitude of facts and statements, which are detailed in the report, a great part of which are wholly immaterial, and neither elucidate the case nor help to a right understanding of what is attempted to be put in controversy, it can be ascertained that the defendant has received nothing belonging to the plaintiff and that he has not been guilty of any neglect or mismanagement. It is true, a bailiff is accountable for what he might have realized if he had used reasonable care. But if the plaintiff expected to derive any benefit from this principle, the referees should

have reported the want of reasonable care, and what might have been realized if the property had been properly managed. No such report is made, and neither the county court nor this court would have been at liberty to infer any other fact than those which are found by the referees. It is claimed, however, that the plaintiff is entitled to a judgment for the bill of cost in the suit against Dunton & Co. To this it is a sufficient answer, that if the defendant is accountable for the bill of cost, this is not the appropriate action to recover thereon. The defendant is here sued as the bailiff and receiver of the moneys of the plaintiff, and the plaintiff is not at liberty to recover, in this form of action, a claim existing on book, and for which the action on book account is the proper remedy. The referees and the county court decided correctly, that the defendant had not any moneys in his hands unaccounted for, for which he should account to the plaintiff.

The judgment of the county court is affirmed.